### H. K. McDONALD v. L. W. MOORE.

B. and W. being partners in trade, B. sold his interest to W., who gave M. as surety on his bond to idemnify B. against the debts of the firm, among which was one to H. & Co. W. placed claims in the hands of an attorney, with special instructions to make collection of them and to pay the debt to H. & Co. The attorney collected more than enough to pay that debt, but neither paid it nor showed what he had done with the money. The firm debt to H. & Co., was paid by B., to whom *its* amount was refunded by M., the surety on the indemnifying bond, who now sues the attorney. *Held*, that the attorney became the trustee of an express trust, and as such is liable to the plaintiff.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

The opinion states the essential facts of the case. The evidence, however, further showed that Billingsly, Waller and McDonald, went to Moore's office together, and Waller then directed Moore to pay the House & Co. debt out of the money which he, Moore, was to receive for Waller from Glover; and Moore then promised to do so. Billingsly paid the debt to House & Co. and then sued Waller and McDonald on the indemnifying bond; whereupon the latter reimbursed Billingsly and took from him an assignment of the debt and also of the indemnifying bond.

On an issue formed in the garnishment proceedings, the amount, $720, of Waller's money found to be in the hands of Moore, was considerably more than the amount of the House & Co. debt, and interest.

This suit was originally brought in the county court as organized under the Constitution of 1866, having jurisdiction of matters of debt to the amount of five hundred dollars. The petition was filed to the December term, 1868, of that court, and was against Waller by attachment, as a non-resident, and against Moore, who was charged as a garnishee. There was judgment in that court in favor of the plaintiff against both Waller and Moore, for the amount of the House & Co. debt and interest. Moore appealed to the district court, where a jury was waived and the cause submitted to the court, and judgment rendered against the plaintiff, McDonald; and he brings the case to this court by appeal.

*Jones & Sayers*, for the appellant.

No brief for the appellee has reached the Reporter.

Walker, J.—Billingsly & Waller were partners in trade. Billingsly sold his interest in the stock and business to Waller, taking an indemnity bond from Waller, with McDonald as security, conditioned that Waller should pay the firm debts, amongst which was one to T. W. House & Co. Waller placed claims in

the hands of Moore for collection, with instructions to pay the House & Co debt. Moore collected from Glover more than sufficient means to discharge the debt, and does not show what he has done with them. On the trial in the county court, the jury found $720 against him. Moore, having this money in his hands, under the special instructions of Waller to pay the House & Co. debt, and save Billingsly harmless, became a trustee of an express trust, and is liable as such now to McDonald, who paid Billingsly after he had paid House & Co. In another view of this case, Moore is liable to the appellant McDonald, as the garnishee in the case, although he denies, in his answers, having any money belonging to Waller in his hands The evidence most clearly contradicts his answer, and shows that he received the money from Glover and others, and had in no way accounted for it.

The judgment of the district court is erroneous and is reversed, and judgment will be entered for the amount due McDonald, against Moore and his securities on his appeal bond from the county court.

Reversed and rendered.